CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 7:14-cr-00020 |
| v. | |
| SHARON MARIE JAMES, | By: Michael F. Urbanski |
| Petitioner. | United States District Judge |

## MEMORANDUM OPINION

Petitioner Sharon James, a federal inmate currently serving a 48 month sentence for drug offenses, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 273. On October 25, 2016, the United States submitted a Motion to Dismiss, ECF No. 282, to which James has not responded. For the reasons set forth below, the court **GRANTS** the government's Motion to Dismiss.

### I.

On September 2, 2014, James pled guilty to three drug-related counts pursuant to a written plea agreement.[1] ECF Nos. 129-32. The charges arose out of a conspiracy in which James and five co-defendants trafficked heroin and cocaine into southwest Virginia. The Presentence Investigation Report ("PSR") recommended that James receive a total offense level of 29 points under the 2014 United States Sentencing Guidelines.[2] PSR, ECF No. 206,

---

[1] Specifically, James pled guilty to one count of conspiracy to distribute heroin, cocaine base, and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) and two counts of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).
[2] All citations to the USSG herein reference the 2014 guidelines.

¶ 54. The 29 point calculation included a two-point enhancement pursuant to USSG § 2D1.1(b)(1) (hereinafter the "gun enhancement") for possession of a dangerous weapon during the course of James' criminal conduct. PSR ¶ 46. Based on a total offense level of 29 and a criminal history category of I, the PSR concluded that James was subject to a guideline imprisonment range of 87 to 108 months. PSR ¶ 80. Nevertheless, in light of James' cooperation with investigators, the government filed a Motion for Substantial Assistance (ECF No. 197) pursuant to USSG § 5K1.1 and recommended a period of incarceration of 48 months. Government's Sentencing Memorandum, ECF No. 198, at 8.

At the sentencing hearing held on February 23, 2015, James objected to the two-point gun enhancement included in the PSR, arguing that the firearms providing the basis for the enhancement did not belong to her; rather, a co-conspirator controlled and possessed the firearms. James' Sentencing Memorandum, ECF No. 182, at 6-7. James asserted that without the gun enhancement the proper punishment range under the guidelines was 57 to 71 months. James' Sentencing Memorandum at 8. This lower range, James argued, should have served as the starting point for the government's Motion for Substantial Assistance and that a more appropriate sentence was a period of incarceration of no more than one year and one day. James' Sentencing Memorandum at 14.

The court heard testimony from James and from Sami Cilek, the United States Probation Officer who authored the PSR. The court overruled James' objection to the two-point gun enhancement, finding the evidence sufficient for the enhancement. The court found James' total offense level to be 29 and that the guideline imprisonment range was 87 to 108 months. However, the court granted the government's Motion for Substantial

2

Assistance and sentenced James to 48 months of incarceration and three years of supervised release.

James now asks the court to resentence her without application of the two-point gun enhancement. James proceeds pro se, and therefore the court construes her motion liberally. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). The court gleans from the motion that James raises three arguments in support of resentencing without the gun enhancement: (1) the record shows it was "clearly improbable that the weapon[s were] connected with the offense," and therefore should not have been considered under the guidelines, USSG § 2D1.1, comment. (n.11); (2) that the possession of the firearms should have been charged in the indictment and proven by a jury; and (3) that the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015) provides James relief. As outlined below, James' arguments fail on procedural and substantive grounds.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a petition alleges a sentencing error that is neither constitutional nor jurisdictional, "a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir.) (quoting Davis v. United States, 417 U.S. 333, 346). James bears

the burden of proving grounds for a collateral attack. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## A.

A petition under § 2255 must adhere to strict statute of limitations requirements. Specifically, a petitioner must file a § 2255 motion within one year of the latest date on which:

> (1) the judgment of conviction becomes final;
>
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

James did not file her § 2255 motion within one year of her conviction becoming final, and therefore her petition is untimely under § 2255(f)(1). James' conviction became final on March 9, 2015, the deadline for James to appeal this court's judgment to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 525 (2003) (holding that the limitation period under § 2255 begins to run "when the time expires for filing a petition for certiorari [with the Supreme Court] contesting the appellate court's affirmation of the conviction"); United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (unpublished) (applying Clay to appeals from district courts to the Fourth Circuit); see also Fed. R. App. P. 4(b)(1)(A) (providing 14 days after the entry of judgment to appeal

4

criminal convictions). James filed her § 2255 motion on June 24, 2016, the date on which she placed the motion in the prison legal mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (pro se prisoner filing "was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). Therefore, James' § 2255 motion was filed over three months outside the one year limitations period under § 2255(f)(1).

The alternative statute of limitation triggers outlined in § 2255(f)(2)-(4) do not apply to James' filing. She makes no suggestion that government interference caused her delay. Nor does she raise facts discovered after her sentencing. Therefore, Subsections (2) and (4) of § 2255(f) are inapplicable to the timeliness of her motion. James does, however, suggest that the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II")[3] provides her relief. Because the holding in Johnson II was given retroactive application in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), James seeks to fall within the limitations period applicable to Johnson II claims.[4]

In Johnson II, the Supreme Court addressed the constitutionality of a provision in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. §§ 922(g) and 924(e). 135 S. Ct. at 2553. Under the ACCA, if a defendant is convicted of illegally possessing a firearm and has three prior convictions of either a "serious drug offense" or a "violent felony," the sentence for the firearm possession must be at least fifteen years. 18 U.S.C. § 924(e)(1). The Johnson II Court struck down the "residual clause" of the ACCA's definition of a "violent felony" as unconstitutionally vague. 135 S. Ct. at 2563.

---

[3] The court refers to the 2015 opinion as Johnson II, to differentiate it from an earlier opinion on a related subject, Johnson v. United States, 559 U.S. 133 (2010).
[4] James filed her § 2255 claim two days shy of one year after Johnson II was announced.

5

Although James relies on this precedent in her § 2255 motion, Johnson II has no applicability to her case. James was not sentenced under the ACCA. Nor did she receive a guidelines enhancement under the career offender provision in USSG § 4B1.2, which includes identical language as the ACCA provision struck down in Johnson II. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016) (Johnson II's effect on USSG § 4B1.2 is currently pending Supreme Court review). Therefore, James cannot benefit from § 2255(f)(3) as her petition does not rely on a newly recognized right applicable to her case.

The court must dismiss James' petition as untimely because she filed it over a year after her conviction became final and the alternative statute of limitation triggers do not apply. The court also notes that James waived her right to collaterally attack any order regarding her conviction, except in the case of ineffective assistance of counsel. Plea Ag., ECF No. 130, at 7. This waiver, made knowingly and voluntarily at her guilty plea hearing, provides additional grounds on which to dismiss James' petition. See United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) (dismissing defendant's § 2255 motion on the basis of such a waiver). However, even if the court were to consider James' petition on the merits, the court would reach the same conclusion and dismiss the motion.

### B.

As noted, James appears to assert three arguments in support of resentencing without the gun enhancement: 1) it was "clearly improbable that the weapon[s were] connected with the offense," USSG § 2D1.1, comment. (n.11); 2) the possession of the firearms should have been charged in the indictment and proven by a jury; and 3) Johnson II, 135 S. Ct. 2551,

6

provides James relief. Having determined Johnson II inapplicable to this case, the court turns to James' two other arguments.

James asserts that the firearms predicating the two-point enhancement were not connected with her drug crimes. James relies on the second clause of an application note in the USSG: "[t]he enhancement should be applied if the weapon was present, **unless it is clearly improbable that the weapon was connected with the offense**." USSG § 2D1.1, comment. (n.11) (emphasis added). Specifically, James argues first, that the weapons belonged to Jessie Hawkins, a co-conspirator, and not to her; and second, the locations of the firearms in her house indicate the lack of connection between the guns and James' drug convictions.

As the court determined at James' sentencing hearing, ample evidence shows that the guns found in James' home were connected to her offenses. The Agreed Statement of Facts, to which James stipulated at her guilty plea, stated that "James was fully aware of Jessie Hawkins [sic] drug trafficking activities and allowed Jessie Hawkins to store heroin and firearms possessed in furtherance of the conspiracy at her apartment."[5] ECF No. 132, at 1. Given this stipulation, James' present argument that the guns were not connected to her drug offenses is unavailing. "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted [guilty plea] colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, the court does not entertain the

---

[5] Notably, the guidelines apply to "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B); see also United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (applying a two-point gun enhancement where the defendant could foresee a co-conspirator possessing a weapon).

7

allegations in James' § 2255 motion that directly contradict the Agreed Statement of Facts. As such, the court determines that the two-point gun enhancement was properly included in James' guideline calculations.[6]

Lastly, James suggests that possession of the firearms should have been charged in the indictment and proven by a jury and that failure to do so violated her Sixth Amendment right to a jury trial. This argument lacks merit. The federal sentencing guidelines are advisory and not binding on the court. United States v. Booker, 543 U.S. 220, 245 (2005). Therefore, the Sixth Amendment is not implicated when a judge determines facts relevant to sentencing. Id. at 233. Here, the court determined that James possessed the firearms for purposes of the guidelines and calculated her total offense level accordingly. Nevertheless, the court granted the government's Motion for Substantial Assistance under USSG § 5K1.1 and departed from the low-end of the guideline range by sentencing James to 48 months imprisonment. The facts the court considered in exercising its discretion at sentencing, namely James' possession of firearms, did not need to be found by a jury. Id. at 233.

In sum, James failed to file a timely § 2255 motion, waived her right to submit such a motion in her guilty plea, and advances no successful argument on the merits. Therefore, the court must dismiss James' motion.

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss. Because James has failed to make a substantial showing of the denial of a constitutional right

---

[6] Even if the court incorrectly calculated the guidelines at sentencing, § 2255 would not provide James with relief. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015) ("misapplication of the sentencing guidelines does not amount to a miscarriage of justice" that justifies habeas relief).

as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

An appropriate Order will be entered.

Entered: 01-30-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge